Robinson, J.
This is an action in mandamus, brought on the relation of Mary Shelton against the Industrial Commission of Ohio, to require the Industrial Commission to give her a rehearing of her claim for compensation as a dependent of her deceased husband, who, at the date of his death, April 29, 1926, was an employee of the Stadler Products Company, a self-insurer. A claim for compensation having been denied by the employer, an application for adjustment was filed with the Industrial Commission. An oral hearing was ordered and sworn testimony of 22 witnesses was taken in question and answer form before John Maloney, a claims referee. A transcript of this testimony was submitted to the commission, and on December 23, 1927, the claim was disallowed, upon the ground that the death of the decedent was not the result of an injury suffered in the course of his employment. On December 27, 1927, a notice of the disallowance of her claim was mailed to the relator, which she received. On January 24, 1928, she filed an application before the Industrial Commission for a rehearing. Accompanying the application was a letter by her attorney, directed to the Industrial Commission, which contained the following paragraph:
“We are not attaching any affidavit to this application as all our proof is now contained on file and we are asking the Commission for a rehearing of this case on the proof in the record.”
The commission appointed H. T. McAndrews to take testimony for the rehearing, without fixing time or place of the taking of such testimony. Thereafter notice of the time and place of taking such testimony was served upon the relator by the claims referee. *43 Between the date of the notice and the time of the taking of the testimony, her attorney had some negotiation with the attorney for the employer, and there is no dispute that her attorney stated to the attorney for the employer that he did not have any evidence additional to the evidence that had been offered at the original hearing, and offered to submit the rehearing upon the evidence theretofore taken in the form of depositions for the original hearing. There is a dispute between the two attorneys upon the question whether the attorney for the employer agreed to submit the rehearing upon the testimony taken for the original hearing.
The relator did not appear in person, nor by attorney, at the time and place stated in the notice, but the attorney for the employer did appear and there made a motion that the petition for rehearing be dismissed for the reason that the relator had failed to appear.
On June 15, 1928, the relator received a notice from a claims referee that her claim would be for hearing upon a motion of the employer to dismiss her application for rehearing, for the reason that she had not appeared before IT. T. McAndrews at the time and place appointed to take testimony.
On June 20,1928, by her attorney, the relator sent the following communication to the Industrial Commission :
“In re Claim No. 180047 — 22, Clarence Shelton, dec’d.
“Gentlemen: We have received your notice of a hearing of above claim, set for June 25th.
“When we- filed our motion for a rehearing, we agreed with Mr. Krewson, attorney for the em *44 ployer, that we would not appear at the hearing in Cleveland, but would submit the Motion upon the record; and for that reason we did not appear.
“The entry in this case should be that by agreement of counsel, the application for a rehearing is submitted on the record.
“We therefore request you to consider our application upon the record.”
On June 25, 1928, the attorney for the employer appeared and renewed his motion to dismiss the application, for the reason that no appearance was made by the relator or her attorney at the time and place set for the taking of testimony, which motion was granted, and on June 26, 1928, she received a notice from the supervisor of claims that her application had been dismissed.
Immediately thereafter a motion was filed by her with the commission, seeking a vacation of the order of dismissal of her application for a rehearing, which motion was accompanied by an affidavit setting forth the facts hereinbefore related.
Section 1465-90, General Code, makes it mandatory upon the commission, upon the filing of an application for a rehearing within 30 days after receipt of notice of denial of the claim, to grant such rehearing, and provides that such hearing shall be had and the evidence for and against the allowance of the claim submitted as in the trial of civil actions; and further provides that the commission shall pass upon the admissibility of evidence, but that either party may at the time make objection and take exception to the ruling of the commission thereon, and, if the commission'refuses to admit any evidence, the party offering the same shall state the *45 nature of such evidence and the matter which such party proposes to prove thereby, and such statement shall be made a part of the record of such rehearing.
While the offer, by letter, of the transcript of the evidence taken upon oath before a claims referee of the commission, at the order of the commission, was not the usual course of procedure upon rehearing, it was in substantial compliance with the provisions of Section 1465-90, General Code; and, while the relator was not present in person or by attorney to take exception to the ruling of the commission in the event it should reject such evidence, that fact is not significant in this case, because the commission did not pass upon its admissibility, nor reject it, but, instead, dismissed her application. The duty of the commission, under the circumstances, was either to have admitted the evidence tendered, or to have rejected it, and, if rejected, to have noted the relator’s exceptions.
For the failure of the commission to perform its mandatory duty to pass upon the admissibility of the evidence tendered, the Industrial Commission will be ordered to grant the relator a rehearing of her claim, according to law.

Writ allowed.

Marshall, C. J., Kinkade, Jones, Matthias, Day and Allen, JJ., concur.